Dear Mr. Boyer:
On behalf of the St. Martin Parish School Board ("School Board"), you have requested an opinion of this Office related to the ability of the School Board to purchase a particular structure and then lease it back to the seller. The specific facts of your request are important to understanding your question. Thus, those facts are reviewed here.
According to the facts that you have provided to this Office, the School Board owns a certain tract of immovable property in St. Martinville, Louisiana. In the 1990s, the School Board entered into an agreement with the nonprofit corporation, St. Martin, Iberia, Lafayette Community Action Agency, Inc. ("SMILE") that allowed SMILE to construct a permanent structure on the subject tract to be used for the "education of young children in the region." The use of this tract by SMILE was accomplished pursuant to a lease from the School Board. Due to dwindling federal grants, SMILE is no longer able to afford its monthly mortgage payments on the structure that it constructed on the subject property. Based upon this financial difficulty, SMILE has approached the School Board with the following proposition: the School Board would purchase the SMILE structure at an amount equal to or less than the appraised value of the structure and then lease back a portion of the building to SMILE. Because SMILE does not require the entire building, the School Board would then use the remainder of the building for its own purposes.
Based upon the foregoing facts that you provided to us, you pose the following two questions:
1. Is it legal for the School Board to purchase the building owned by SMILE and currently situated on the School Board's property? *Page 2 
2. Are the legalities of purchasing this building contingent upon certain factors and/or conditions? If so, what are they?
Legality of the School Board's Contemplated Purchase
There is no doubt that the current arrangement between the School Board and SMILE is simply one of the separate ownership of immovable property under the Louisiana Civil Code. Under La.C.C. Art. 464, "[b]uildings . . . are separate immovables when they belong to a person other than the owner of the ground." Under the facts that you relate, the School Board own the underlying property and SMILE owns the structure. Thus, there is no legal problem with the separate ownership that exists in the current situation.
With regard to your specific question of whether the School Board may acquire property, La.Const. Art. VI, Sec. 23, states that,
Subject to and not inconsistent with this constitution and subject to restrictions provided by general law, political subdivisions may acquire property for any public purpose by purchase, donation, expropriation, exchange, or otherwise.
Thus, it is clear that the School Board may acquire property so long as the property is acquired for a public purpose that the School Board has legal authority to pursue.[1] The fact that the subject structure is simply immovable property that happens to be situated atop the separately-owned immovable property of the School Board does not impact the School Board's ability to acquire the property. Thus, it is the opinion of this Office that the School Board may acquire the SMILE structure that is situated on the School Board's property so long as the property is acquired at or below a fair market value and so long as the property is needed for a "public purpose."
What conditions must be met in order for the School Board topurchase the SMILE building?
For the acquisition of the property contemplated herein by the School Board, there are two main components that must be satisfied for the transaction to be considered valid under the law. These two components are that the price of the structure must represent the fair market value of the building and that the building must be acquired for a public purpose.
To avoid running afoul of the constitutional prohibition against the donation of public property contained in La.Const. Art. VII, Sec. 14, the cost of the subject building to the School Board should be consistent with the building's fair market *Page 3 
value.[2] Because your letter notes that SMILE has already obtained an appraisal of the building and that that organization is requesting "a purchase price that is equal to and/or lesser than the appraised value," we do not see a problem with the legality of the purchase for the purposes of La.Const. Art. Vll, Sec. 14. One caveat that should be borne in mind is that the School Board should undertake its own independent appraisal of the building merely to ensure that SMILE's currently appraised value is correct.
The public purpose that the School Board is authorized to pursue is similarly apparent in your request letter. In your letter, you note that part of the building will be leased and that the remaining portion will be used by the School Board. In this statement, we can identify two different public purposes that are served. First, the lease will generate income for the School Board. There is no doubt that the generation of income serves the public purpose of supporting the finances of the School Board. Second, because the School Board will be using the subject building to house some of its own facilities, this clearly serves the public purpose of providing the School Board with tangible facilities. Accordingly, it is the opinion of this Office that the public purpose requirement behind the acquisition of the subject building is satisfied.
We note that an unintended consequence of the purchase of the building is that, upon purchase, not all of the building space will be needed for immediate use by the School Board. Therefore, a small area will be surplus and available for lease. While the primary purpose of the acquisition is for a public use, the fact that a portion of the acquired building is not immediately needed for public use requires that we consider the conclusions reached in La. Atty. Gen. Op. Nos. 89-149 and 01-0045. Those opinions state that the acquisition of property by a public entity for immediate leasing to a third party does not serve a public purpose. Although those opinions are not incorrect in their analysis of the applicable law, there is an important distinction from the current scenario. In those opinions, the predominant cause for the purchase of the subject properties was the lease to a nongovernmental entity. In the current situation, your request indicates that the School Board has a real and immediate need for the majority of the space that would be provided by the acquisition of the building, but not all of the space. Because there is a need for the space and because it is not possible to sever one part of a building from another, it is the opinion of this Office that if the predominant cause of the acquisition of the building is for its use for School Board purposes then the public purpose requirement for the acquisition is satisfied.
One final matter must be discussed because, although it is not directly asked in your opinion request, it is inherent in the outcome of that request — namely in the lease back of a portion of the subject property to SMILE. There is no doubt that the School Board has the authority to lease certain of its properties. La.R.S. 17:87.6. *Page 4 
However, the law requires that the school board first determine that the property is no longer needed for school purposes and that the best interests of the public are served by the lease of the subject property. Id. That is a factual determination that we cannot here undertake. Further, in order to lease the property, the public lease law must be followed. La.R.S. 41:1211, et seq.;
La. Atty. Gen. Op. No. 05-0172. Under this law, it is not a sinequa non that SMILE will be the successful bidder for the lease of the property!. Thus, it is the opinion of this Office that, although the School Board may lease the subject building upon its acquisition of same (assuming that it determines that it no longer needs the property and that the lease is in the best interests of the public), it must do so pursuant to the public bid process — a scenario that may not necessarily result in SMILE being the successful bidder.
Conclusion
In summation, it is the opinion of this Office that the School Board may purchase the current SMILE building located on the School Board's immovable property so long as that purchase is at or below a fair market value and meets a public purpose that the School Board is authorized to pursue. Further, it is the opinion of this Office that the School Board may lease a portion of that building pursuant to the public bid law.
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
Sincerely yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ RYAN M. SEIDEMANN Assistant Attorney General
JDC/RMS/tp
[1] See La. Atty. Gen. Op. Nos. 78-1260, 09-0099.
[2] See La. Atty. Gen. Op. No. 06-0337.